UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>IIG Global Trade Finance Fund Ltd. (in Official Liquidation), *et al.*,<br><br>                    Debtors. | Case No. 20-10132 (MEW)<br><br>Chapter 15<br><br>Jointly Administered |
| IIG Global Trade Finance Fund Limited (in Official Liquidation), IIG Structured Trade Finance Fund Limited (in Official Liquidation), Christopher Kennedy and Alexander Lawson, as assignees of the creditors of IIG Global Trade Finance Fund Limited (in Official Liquidation) and the creditors of IIG Structured Trade Finance Fund Limited (in Official Liquidation) and Christopher Kennedy and Alexander Lawson in their capacities as Joint Official Liquidators of IIG Global Trade Finance Fund Limited (in Official Liquidation), IIG Structured Trade Finance Fund Limited (in Official Liquidation),<br><br>                    Plaintiffs,<br><br>                      v.<br><br>International Investment Group L.L.C., Trade Finance Trust, Deutsche Bank Trust Company Americas, Assured Investment Management LLC (f/k/a BlueMountain Capital Management, LLC), Tennenbaum Capital Partners, LLC, KKR Credit Advisors (US) LLC, Elanus Capital Management, LLC, BlueMountain Foinaven Master Fund L.P., BlueMountain Logan Opportunities Master Fund L.P., BlueMountain Montenvers Master Fund SCA SICAV-SIF, BlueMountain Timberline Ltd., BlueMountain Kicking Horse Fund L.P., BlueMountain Credit Opportunities Master Fund I L.P., Tennenbaum Senior Loan Fund IV-B, LP, Tennenbaum Senior Loan Fund II, LP, Tennenbaum Senior Loan Operating III, LLC, Corporate Capital Trust, Inc., KKR Debt Investors II (2006) | Adv. Pro. No. 23-01165 (MEW) |

(Ireland) L.P., KKR TRS Holdings, Ltd., KKR-PBPR Capital Partners L.P., Special Value Continuation Partners, LP, and Elanus Capital Investments Master SP Series 1, John Doe Subsequent Transferees 1-10,000,

Defendants.

## AMENDED SCHEDULING ORDER

**WHEREAS**, on November 6, 2023, the Noteholder Defendants[1] and DBTCA (collectively "Defendants") filed their Motions to Dismiss the Complaint (the "Motions"), at Dkt. Nos. 23, 29; and supporting memoranda of law, at Dkt. Nos. 25, 30, 31, 34, 36, 41;

**WHEREAS**, on November 30, 2023, the Court entered a scheduling order (the "Scheduling Order"), at Dkt. No. 44, calling for, *inter alia*, the parties to serve document discovery in a manner such that substantial completion of party document discovery shall occur by April 30, 2024, and the parties to serve non-party document discovery, including any subpoenas, by May 15, 2024;

**WHEREAS**, Plaintiffs filed their Opposition to the Motions on January 12, 2024, at Dkt. No. 47;

**WHEREAS**, Defendants filed replies in support of their Motions on February 12, 2024, at Dkt. Nos. 53, 54, 55, 56, 57, 58;

**WHEREAS**, the Court heard oral argument on the Motions on March 6, 2024, Dkt. No. 61;

**WHEREAS**, the Motions are currently *sub judice*;

**WHEREAS**, on April 1, 2024, Defendants requested that the Court convene a conference to discuss a dispute concerning the Scheduling Order's discovery deadlines, at Dkt. No. 68;

---

[1] Capitalized terms not defined herein have the meaning given to them in the Memorandum In Support Of The Noteholder Defendants' Motion To Dismiss, ECF No. 30.

2

**WHEREAS**, on April 3, 2024, Plaintiffs responded to Defendants' April 1, 2024 request, at Dkt. No. 69; and

**WHEREAS**, the Court held a pre-motion discovery conference on April 4, 2024 and ordered Plaintiffs and Defendants to proceed with limited party document discovery, to submit an agreed-upon description of the scope of that limited party document discovery, and adjourned all other deadlines in the Scheduling Order, including the May 15, 2024 deadline for service of non-party document discovery, until after the Motions are decided;

**IT IS NOW, THEREFORE, HEREBY ORDERED,** that:

1. Consistent with the Court's direction during the April 4, 2024 telephone conference, Plaintiffs and each Defendant group shall agree upon search terms, custodians, and date ranges in a manner such that, to the fullest extent possible, by April 30, 2024, the parties shall substantially complete the production of non-privileged documents and communications in their possession, custody, or control regarding (1) any investigation concerning the CLO Fund in late-2016 and early-mid 2017, and (2) any transaction or refinancing concerning the CLO Fund that IIG proposed or executed in late-2016 and early-mid 2017.

2. All other deadlines in the Scheduling Order, including the May 15, 2024 deadline for non-party document discovery, are adjourned *sine die*.

**SO ORDERED:**

Dated:  April 16, 2024             **s/Michael E. Wiles**
    New York, New York          THE HONORABLE MICHAEL E. WILES
                                          UNITED STATES BANKRUPTCY JUDGE