# O’Keeffe v Farris [1997] 3 IR 463

# Exhibit 19

**Sandra O'Keeffe,** Plaintiff, v. **Martin V. Ferris, Ireland** and **The Attorney General,** Defendants. [S.C. No. 302 of 1993]

Supreme Court 19th February, 1997

*Company - Winding up - Fraudulent trading - Whether statutory provision creates criminal offence - Indicia of criminal offence - Fraud - Whether fraud ingredient in civil wrong - Whether punitive sanctions for fraudulent trading in civil proceedings unconstitutional - Companies Act, 1963 (No. 33), s. 297 - Companies Act, 1990 (No. 33), ss. 137 and 138 - Constitution of Ireland, 1937, Article 38.*

*Statutory Interpretation - Amendment of Statute after institution of proceedings - Whether original statute applicable in proceedings - Interpretation Act, 1937 (No. 38), s. 21 - Companies Act, 1963 (No. 33), 297 - Companies Act, 1990 (No. 33), ss. 137 and 138.*

Section 297 of the Companies Act, 1963, provides:-

"(1) If in the course of the winding up of a company it appears that any business of the company has been carried on with intent to defraud creditors of the company or creditors or any other person or for any fraudulent purpose, the court on the application of the liquidator or any creditor or contributory of the company, may, if it thinks proper so to do, declare that any persons who were knowingly parties to the carrying on of the business in manner aforesaid shall be personally responsible, without any limitation of liability, for all or any of the debts or other liabilities of the company as the court may direct.

(2) Where the court makes any such declaration, it may give such further directions as it thinks proper for the purpose of giving effect to that declaration and in particular may make provision for making the liability of any such person under the declaration a charge on any debt or obligation due from the company to him, or on any mortgage or charge or any interest in any mortgage to charge on any assets of the company held by or vested in him or any company or person on his behalf, or any person claiming as assignee from or through the person liable or any company or person acting on his behalf, and may from time to time make such further order as may be necessary for the purpose of enforcing any charge imposed under this subsection.

For the purpose of this subsection, 'assignee' includes any person to whom or in whose favour, by the directions of the person liable, the debt, obligation, mortgage or charge was created, issued or transferred or the interest created, but does not include an assignee for valuable consideration (not including consideration by way of marriage) given in good faith and without notice of any of the matters on the ground of which the declaration is made.

(3) Where any business of a company is carried out with such intent or for such purpose as is mentioned in subsection (1), every person who was knowingly a party to the carrying on of the business in manner aforesaid, shall be liable, on conviction on indictment, to imprisonment for a term not exceeding 2 years or to a fine not exceeding £500 or to both or, on summary conviction, to imprisonment for a term not exceeding 6 months or to a fine not exceeding £100 or to both.

(4) This section shall have effect notwithstanding that the person concerned may be criminally liable in respect of the matters on the ground of which the declaration is to be made."

Section 297 of the Companies Act, 1963 was substantially amended by the insertion of new ss. 297 and 297A, by ss. 137 and 138 of the Companies Act, 1990. This came into force after the commencement of the liquidation proceedings but prior to the hearing of this action.

Section 21 of the Interpretation Act, 1937 provides, *inter alia,*:-

"(1) Where an Act of the Oireachtas repeals the whole or a portion of a previous statute, then, unless the contrary intention appears, such repeal shall not - . . .

(c) affect any right, privilege, obligation, or liability acquired, accrued, or incurred under the statute or portion of a statute so repealed, . . .

(2) Where an Act of the Oireachtas repeals the whole or a portion of a previous statute, then, unless the contrary intention appears, any legal proceedings, civil or criminal, in respect of any right, privilege, obligation, or liability acquired, accrued, or incurred under or any offence against or contravention of the statute or portion of a statute so repealed may be instituted, continued or enforced, and any penalty, forfeiture, or punishment in respect of any such offence or contravention may be imposed and carried out as if such statute or portion of a statute had not been repealed."

The first defendant was the liquidator of a hopelessly insolvent company in voluntary liquidation, and instituted proceedings against the plaintiff, a director of the company, and others, claiming relief under s. 297 of the Companies Act, 1963. The plaintiff then instituted proceedings seeking a declaration that s. 297 of the Companies Act, 1963, was unconstitutional or alternatively that the manner in which the first defendant sought to invoke s. 297, sub-s. 1 against the plaintiff was invalid as it amounted to a trial of a criminal offence without due procedures for a criminal trial. The trial judge dismissed the plaintiff's claim, and the plaintiff appealed. Prior to the hearing of the appeal, the Supreme Court directed that the High Court determine as a preliminary issue of law whether the liquidator was entitled to seek relief under s. 297 of the Companies Act, 1963. The High Court held that he was entitled to seek this relief. The plaintiff contended, *inter alia,* that the proceedings were in substance and fact of a criminal nature, that they imposed criminal sanctions, were inconsistent with the requirement of a trial to be in due course of law, and that they constituted an attempt to impose a criminal sanction in a civil context.

*Held* by the Supreme Court (Hamilton C.J., O'Flaherty, Denham, Barrington and Keane JJ.) in dismissing the plaintiff's claim, 1, that s. 297, sub-s. 1 did not create a criminal offence, having regard to s. 297, sub-s. 3 and s. 297, sub-s. 4 of the Companies Act, 1963 and to the absence of the *indicia* of a criminal offence,

*Melling v. Ó Mathghamhna* [1962] I.R. 1 considered.

2. That proceedings brought under s. 297, sub-s. 1 did not constitute an attempt to impose a criminal sanction in a civil context. Fraud was an ingredient in various civil wrongs.

3. That the punitive sanctions available under s. 297, sub-s. 1 were not unconstitutional, as punitive damages were recognised in our law,

*Dillon v. Dunnes Stores (George's' Street) Ltd.* (Unreported, Supreme Court, 20th December, 1968) applied.

4. That, as the liquidation proceedings and the conduct in respect of which the proceedings were brought commenced before the coming into effect of the Companies Act, 1990, 2. 297 of the Act of 1963 remained in force in its original form as far as the liquidator's proceedings were concerned.

Cases mentioned in this report:-

*Banco Ambrosiano S.P.A. v. Ansbacher & Co.* [1987] I.L.R.M. 669.
*Conway v. I.N.T.O.* [1991] 2 I.R. 305; [1991] I.L.R.M. 497.
*In re Cooper Chemicals Ltd.* [1978] Ch. 262; [1978] 2 W.L.R. 866; [1978] 2 All E.R. 49.
*Cullen v. The Attorney General* [1979] I.R. 394.
*In re Cyona Distributors Ltd.* [1967] Ch. 889; [1967] 2 W.L.R. 369; [1967] 1 All E.R. 281.
*Deaton v. The Attorney General* [1963] I.R. 170; (1962) 98 I.L.T.R. 99.
*Dillon v. Dunnes Stores (George's Street) Ltd.* (Unreported, Supreme Court, 20th December, 1968).
*McIntyre v. Lewis* [1991] 1 I.R. 121.
*Melling v. Ó Mathghamhna* [1962] I.R. 1; (1961) 97 I.L.T.R. 60.
*In re Network Agencies International Ltd.* [1992] 2 N.Z.L.R. 325.
*Northern Bank Finance v. Charlton* [1979] I.R. 149.
*O'Keeffe v. Ferris* [1993] 3 I.R. 165.

**Appeal from the High Court.**

The facts have been summarised in the headnote and are set out fully in the judgment of the Court, *infra.*

By a plenary summons dated the 29th October, 1992, the plaintiff sought a declaration that the proceedings brought by the first defendant, the liquidator of the company, Aluminium Alloy Refiners Ltd., pursuant to ss. 297 and 298 of the Companies Act, 1967, against, *inter alia,* the plaintiff herein were unconstitutional and a declaration that s. 297 of the Companies Act, 1963, was invalid having regard to the provisions of the Constitution as purporting to provide for the determination of criminal causes or matters in disregard of the requirement for a trial of such issues in due course of law as prescribed by the Constitution and in particular

Article 38 thereof. The action was heard by the High Court (Murphy J.) on the 24th and 25th June, 1993. The High Court (Murphy J.) dismissed the plaintiff's claim on the 28th July, 1993. Notice of appeal was filed on the 21st September, 1993. The matter came before the Supreme Court (Hamilton C.J., O'Flaherty, Blayney, Denham and Barrington JJ.), by way of a motion brought by the plaintiff on the 7th March, 1996, pursuant to which the Supreme Court ordered that the following issue:-

> "Is the liquidator entitled to bring the motion dated the 26th August, 1992, in reliance on s. 297 of the Companies Act, 1963?"

be determined in the High Court in the liquidation proceedings. The High Court (Costello P.) answered this question in the affirmative in an *ex tempore* judgment delivered on the 25th March, 1996. The plaintiff's appeal came before the Supreme Court (Hamilton C.J., O'Flaherty, Denham, Barrington, Keane JJ.) on the 4th February 1997.

*Rex Mackey S.C.* and *Gerard Hogan* (with them *Paul McDermott*) for the plaintiff.

*Bill Shipsey S.C.* (with him *John Gleeson*) for the first defendant.

*John Gordon S.C.* (with him *Lyndon McCann*) for the second and third defendants.

*Cur. adv. vult.*

The judgment of the Court was delivered by a single member pursuant to the provisions of Article 34, s. 4, sub-s. 5 of the Constitution of Ireland, 1937.

**O'Flaherty J.** 19th February, 1997

This is an appeal brought by the plaintiff, Mrs. Sandra O'Keeffe, from the judgment and order of the High Court (Murphy J.) of the 28th July, 1993, [1993] 3 I.R. 165, dismissing her action.

The action was for a declaration that s. 297 of the Companies Act, 1963, was unconstitutional, or alternatively that the manner in which the first defendant, being the liquidator of the company, Aluminium Alloy Refiners Ltd., sought to invoke s. 297 (1) against the plaintiff was invalid

as it amounted to a trial of a criminal offence without due procedures for such a trial.

*Background*

As recited in the judgment of the High Court, by a special resolution passed on the 15th July, 1988, it was resolved that Aluminium Alloy Refiners Ltd. be wound up voluntarily and that the first defendant be appointed liquidator thereof. At the date of the resolution and for some years prior thereto the plaintiff was a director of the company. The company is hopelessly insolvent and the Revenue Commissioners are said to be owed a sum in excess of £1 million. By notice of motion dated the 26th August, 1992, the liquidator sought declarations that the plaintiff was knowingly party to the carrying on of the business of the company with intent to defraud the creditors of the company and that the plaintiff should be personally responsible without limitation of liability for all, or alternatively, any part of the debts or liabilities of the company as the court might direct, and an order that the plaintiff should pay to the liquidator the amount of the debts or other liabilities of the company as the court might determine.

*The impugned section*

Section 297 of the Companies Act, 1963 is as follows:-

"(1) If in the course of the winding up of a company it appears that any business of the company has been carried on with intent to defraud creditors of the company or creditors of any other person or for any fraudulent purpose, the court on the application of the liquidator or any creditor or contributory of the company, may, if it thinks proper so to do, declare that any persons who were knowingly parties to the carrying on of the business in manner aforesaid shall be personally responsible, without any limitation of liability, for all or any of the debts or other liabilities or the company as the court may direct.
On the hearing of an application under this subsection the liquidator may himself give evidence or call witnesses.

(2) Where the court makes any such declaration, it may give such further directions as it thinks proper for the purpose of giving effect to that declaration and in particular may make provision for making the liability of any such person under the declaration a

charge on any debt or obligation due from the company to him, or on any mortgage or charge or any interest in any mortgage or charge on any assets of the company held by or vested in him or any company or person on his behalf, or any person claiming as assignee from or through the person liable or any company or person acting on his behalf, and may from time to time make such further order as may be necessary for the purpose of enforcing any charge imposed under this subsection.

For the purpose of this subsection, "assignee" includes any person to whom or in whose favour, by the direction of the person liable, the debt, obligation, mortgage or charge was created, issued or transferred or the interest created, but does not include an assignee for valuable consideration (not including consideration by way of marriage) given in good faith and without notice of any of the matters on the ground of which the declaration is made.

(3) Where any business of a company is carried on with such intent or for such purpose as is mentioned in subsection (1), every person who was knowingly a party to the carrying on of the business in manner aforesaid, shall be liable, on conviction on indictment, to imprisonment for a term not exceeding 2 years or to a fine not exceeding £500 or to both or, on summary conviction, to imprisonment for a term not exceeding 6 months or to a fine not exceeding £100 or to both.

(4) This section shall have effect notwithstanding that the person concerned may be criminally liable in respect of the matters on the ground of which the declaration is to be made."

This provision appeared in the State's company legislation for the first time in 1963. It had been introduced in the Companies Act, 1929, in Britain, and the inclusion of such a provision was recommended by the report of the Company Law Reform Committee, 1958, (para. 201). It would appear that there are similar provisions throughout the common law world and the court was referred in particular to a New Zealand decision *In Re Network Agencies International Ltd.* [1992] 3 N.Z.L.R. 325.

*Amendment of section in question*

Section 297 was amended by ss. 137-138 of the Companies Act, 1990, which came into force on the 1st August, 1991. Section 137 introduces a new version of s. 297 which deals exclusively with criminal

liability and is broadly similar to the original s. 297, sub-s. 3, although it increases the penalties applicable. Section 138, which inserts a new section 297A, deals with civil liability. It is different from the original s. 297 in that it applies to examinership as well as to winding up proceedings and it applies to reckless trading carried out knowingly by officers of the company in certain circumstances. Much of s. 297A is devoted to detailing the circumstances and conditions which must be present for liability for reckless trading to occur.

*Section still applicable*

Since the liquidation proceedings commenced on the 15th July, 1988, and the claim is in respect of conduct which predated that liquidation, s. 297 of the Act of 1963 remains in force in its original form, as far as the liquidator's pending proceedings are concerned, having regard to s. 21 of the Interpretation Act, 1937.

For the purposes of this judgment, therefore, the section will be referred to in the present tense.

*Analysis of the section*

A person cannot be made amenable under the section unless he has actively participated in the management of the company. To impose liability on a shareholder it must be shown that he took part in making management decisions which were intended to defraud creditors. A third party who knowingly participates in an act of fraudulent trading committed by a company's directors (for example, a creditor of the company who accepts payment of his debt out of money which he knows its directors have obtained by fraud) may be compelled personally to restore the money so applied by means of an order under the section *In re Cooper Chemicals Ltd.* [1978] Ch. 262.

In the case of *In re Cyona Distributors Ltd.* [1967] Ch. 889 at p. 902, Denning M.R. said in relation to a similar provision in the English legislation then in force as follows:-

> "In my judgment, that section is deliberately framed in wide terms so as to enable the court to bring fraudulent persons to book. If a man has carried on the business of a company fraudulently, the court can make an order against him for the payment of a fixed sum... An order can be made either at the suit of the liquidator, etc., or of *a creditor*. The sum may be compensatory. Or it may be punitive. The

court has full power to direct its destination. The words are quite general: 'all or any of the debts or other liabilities of the company as the court shall direct.' By virtue of these words the court can order the sum to go in discharge of the debt of any particular creditor; or that it shall go to a particular class of creditors; or to the liquidator so as to go into the general assets of the company, so long as it does not exceed the total of the debts or liabilities."

It is clear that while more cannot be recovered than is owing to the company, nonetheless, an individual may have to pay over more than the wrongful benefit which has accrued to such a person. The Court concurs in the learned trial judge's conclusion (reported at [1993] 3 I.R. 165 at p. 174) that:-

> "Effectively what the section does is to withdraw, in certain circumstances and to a certain extent, the right of an executive to plead that he was acting merely as an agent of a corporate body and to make him personally liable in certain circumstances for the activities for which he was directly responsible."

*Submissions on behalf of the plaintiff*

It is submitted on behalf of the plaintiff that the proceedings in substance and in fact are clearly of a criminal nature, impose criminal sanctions and bear all the hallmarks of criminal charges. Therefore, they are inconsistent with the requirements of a trial in due course of law as enshrined in the provisions of the Constitution, Article 38. 1 of which provides that: "No person shall be tried on any criminal charge save in due course of law." It is submitted that once the substance of s. 297, sub-s. 1 is examined there are present all the requirements for the creation of a criminal offence by the Oireachtas. Counsel submit that all the *indicia* of criminality are to be found in the sub-section in that:-

(a) The sub-section constitutes an offence against the community at large and not against an individual.
(b) The section is punitive and not merely a matter of fiscal reparation.
(c) The provision requires *mens rea* in respect of the behaviour prescribed (*Melling v. Ó Mathghamhna* [1962] I.R. 1). In addition, what is undoubtedly a criminal offence created by s. 297, sub-s. 3, is defined by specific reference to sub-s. 1, whereby any business of the company carried on with such intent or for such purposes as is mentioned in sub-s. 1 gives

> rise to criminal liability on the part of any person who is knowingly a party to the carrying on of the business in that manner.

It is said that the *gravamen* of the conduct identified for sanction by the High Court lies in the intent to defraud. Once it appears that the business of the company is being carried on with such a criminal intent the complete offence is created, attracting all its punitive consequences. It is not necessary for the infliction of such punishment that any person, human or legal, is in fact defrauded; the fact that the business has been carried on in such a criminal manner is sufficient, even though this criminal conduct injures nobody.

The plaintiff refers the Court to the statement of Ó Dálaigh C.J., delivering the judgment of the Court, in *Deaton v. The Attorney General* [1963] I.R. 170 at p.183:-

> "The degree of punishment which a particular citizen is to undergo for an offence is a matter vitally affecting his liberty."

The submissions on the part of the plaintiff, as elaborated on in oral argument, took the form not so as to allege that the section *created* a criminal offence but, rather, that here was an *ersatz* civil proceeding which was really criminal in nature and that it was, at the least, an indirect violation of Article 38.1 of the Constitution in that it sought to impose a badge of criminality on a person through the courts exercising their civil jurisdiction. This criminal conduct would be established on a balance of probabilities, which is the standard of proof required in civil proceedings *Banco Ambrosiano S.P.A. v. Ansbacher & Co.* [1987] I.L.R.M. 669, rather than by proof beyond reasonable doubt which is the standard of proof in a criminal trial. Further, it was submitted that the protection that trial with a jury affords to a person on a criminal charge was not available to such a person once this form of proceeding was invoked.

*Submission on behalf of the Attorney General and liquidator*

The essential submissions advanced on behalf of the Attorney General and the liquidator are that the section does not create a criminal offence, that the procedure under the legislation is necessary to safeguard the creditors of companies and that, essentially, limited liability being a privilege that the Oireachtas can confer, equally, it is something that it may modify on occasion. Counsel, for the Attorney General, agrees that there is an element of the punitive about the provision but says that our

law recognises the entitlement of the courts to impose punitive sanctions in civil proceedings on occasion and he cites *Conway v. I.N.T.O.* [1991] 2 I.R. 305.

*Decision*

It is clear, in the first instance, that the sub-section in question does not create a criminal offence. To hold that it did would be to disregard the provisions of both sub-s. 3 and sub-s. 4 of section 297. Further, none of the *indicia* of a criminal offence identified in *Melling v. Ó Mathghamhna* [1962] I.R. 1 are present: there is no prosecutor; there is no offence created; there is no mode of trial of a criminal offence prescribed and there is no criminal sanction imposed. Indeed, the court did not understand counsel for the plaintiff to press this point. Rather, the plaintiff's case was put on the basis that the civil proceedings were really a disguise for what was truly an attempt by the Oireachtas to impose a criminal sanction in a civil context. The Court rejects this construction of the section. It holds that the section is clearly within the policy entitlement of the Oireachtas to enact, it is designed to protect creditors and others who may fall victim of people engaged in fraud. It is true that fraud is an ingredient in many criminal offences but is also an ingredient in various civil wrongs, see *Northern Bank Finance v. Charlton* [1979] I.R. 149. It is true that the proof of fraud will be to the civil standard, but it is also so that the more serious an allegation that is made in civil proceedings, then the more astute must the judge be to find that the allegation in question has been proved. While much stress has been laid by counsel for the plaintiff on the need to protect the citizen from injustice in the course of proceedings, the entitlement of victims of wrongdoing to be safeguarded is something to which the Court must also have regard and the Court, therefore, upholds the paramount objective of this legislative provision, which is to protect those who may have been wronged.

That leaves the final matter, which is the punitive element of the sanction permitted by the legislation. This takes two forms, *viz.* the loss of the protection of limited liability in the case of shareholders and the fact that a wrongdoer may have to repay more than he got out of his wrongdoing. It goes without saying that a High Court Judge in hearing an application under the section will bring to bear all the necessary knowledge and expertise at his or her disposal in making sure that a person's constitutional and other rights are properly safeguarded when such a person's conduct in relation to a limited liability company is called in question.

Any sanction imposed should be proportionate to the wrongdoing that has been made out. But it is clear that our law recognises the fact that punitive or exemplary damages may be awarded on occasion. In *Dillon v. Dunnes Stores (George's Street) Ltd.* (Unreported, Supreme Court, 20th December, 1968). Ó Dálaigh C.J. stated:-

> "It is, in our opinion, not open to question that in an action for false imprisonment a jury may award punitive damages. The existence of the category of damages known as punitive damages has received statutory recognition: see the Civil Liability Act, 1961, s. 14, sub-section 4."

See *McIntyre v. Lewis* [1991] 1 I.R. 121 and *Conway v. I.N.T.O.* [1991] 2 I.R. 305.

Therefore, in summary, the section does not create a criminal offence, it does not involve civil proceedings being dressed up to involve criminal procedures and the sanctions available do not trench on the Constitution in any respect.

Accordingly, the appeal is dismissed.

Solicitor for the plaintiff: *John Waters.*

Solicitors for the first defendant: *L.K. Shields & Partners.*

Solicitor for the second and third defendants: *The Chief State Solicitor.*

Patrick Leonard, Barrister